**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-4303M |
| | ) | |
| Plaintiff, | ) | **TEMPORARY DETENTION** |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| Jerald Jay Logg, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The Government seeks the detention of Defendant Jerald Jay Logg ("Logg") upon the grounds that he is a serious flight risk and that no release condition or combination of conditions exist that would reasonably assure his appearance at future court proceedings.

After considering all the evidence and counsels' proffers, the arguments of both counsel, the controlling and persuasive authorities on the issues *sub judice* and all the factors set forth in 18 U.S.C. §3142(g), the Court **FINDS** the following to be true by a preponderance of the evidence.

1. Logg is a 23 year old Native American who is a lifelong residence of Ft. Defiance, Arizona with substantial family ties to that community.

2. Logg has only partially completed the ninth grade and was expelled from Holbrook High School for drinking alcohol.

1          3. Logg has a work history as a firefighter during the summers from 2000 to 2004

2    and was employed by Quality Inn in Window Rock, Arizona, at or shortly before his arrest

3    on November 10, 2005.

4          4. Logg is charged with Burglary in the Third Degree by unlawfully entering a

5    nonresidential structure, a gallery, wherein he stole certain Indian rugs and jewelry. The

6    estimated loss is between $10,000 and $12,000.

7          5. Burglary in the Third Degree is not a crime of violence. United States v.

8    Mathews, 374 F.3d 872 (9th Cir. 2005); United States v. Wenner, 351 F.3d 969 (9th

9    Cir.2003). Because the crime charged in the Complaint is not a "crime of violence" as

10   defined in 18 U.S.C. §3156(a)(4) for purposes of the Bail Reform Act, the Court is precluded

11   from considering whether Logg should be detained as a danger to the community. United

12   States v. Byrd, 969 F.2d 106 (1992).

13         6. Logg is currently on federal probation for a conviction of Theft, a Class D

14   felony, in No. CR-03-177-PCT-JAT. Logg was sentenced on October 10, 2003 to three years

15   probation and is currently supervised by USPO Josephine Begay. To date, no petition to

16   revoke Logg's probation has been filed. During the course of this federal prosecution, Logg

17   was released with conditions on January 30, 2003 and appeared at all court proceedings as

18   ordered.

19         7. The November 14, 2005 PTS Report indicates that on November 10, 2005,

20   Logg admitted to Ms. Begay that he used methamphetamine. Today, Logg denies that usage

21   or that he told Ms. Begay that he had recently used methamphetamine.

22         8. The November 17, 2005 PTS Report indicates that Logg has attempted suicide

23   on four occasions and has been on different mental health medications until recently. Logg

24   may need continued mental health counseling and treatment.

25         The Court is mindful that "only in rare circumstances should release be denied,"

26   Sellers v. United States, 89 S.Ct. 36, 38, 21 L.Ed.2d 64 (1968) (Black, J., in chambers);

27   United States v. Motamedi, 767 F.2d at 1407, and "doubts regarding the propriety of release

28   should be resolved in favor of the defendant." Herzog v. United States, 75 S.Ct. 349, 351, 99

1  L.Ed. 1299 (1955); United States v. McGill, 604 F.2d 1252, 1255 (9th Cir.1979), cert.

2  denied, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980).  Additionally, the Bail Reform

3  Act also mandates release of a person facing trial under "the least restrictive" condition or

4  combination of conditions that will reasonably assure the appearance of the person as

5  required. 18 U.S.C. § 3142(c)(2) (1984); United States v. Motamedi, 767 F.2d at1407["we

6  are not unmindful of the presumption of innocence and its corollary that the right to bail

7  should be denied only for the strongest of reasons, citing Truong Dinh Hung v. United States,

8  439 U.S. 1326, 1329 (1978)].  Alienage is also a factor which may be taken into account, but

9  by itself cannot be determinative. Motamedi, 767 F.2d at 1408.

10         Opportunity to flee is not enough to justify detention as the Bail Reform Act does

11  not seek ironclad guarantees. United States v. Himler, 797 F.2d 156 (3rd Cir. 1986).  The

12  requirement that the conditions of release "reasonably assure" a defendant's appearance

13  cannot be read to require guarantees against flight. United States v. Chen, 820 F. Supp. 1205,

14  1208 (N.D. Cal. 1992).

15         The Government's burden of proof for purposes of detention is not trivial.  The

16  Bail Reform Act requires the Government to prove by a preponderance of the evidence that

17  the Malhamdary poses a "serious" flight risk. 18 U.S.C. §3142(f)(2)(A)("a serious risk that

18  such person will flee;"); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).  It has

19  failed to do so in this case on the evidence presented.

20         Based upon a balancing of the aforesaid detention factors and all the evidence and

21  proffers presented at the subject detention hearings,

22         The Court **FINDS** that the Court needs additional information to properly rule

23  upon the issue of detention.

24         Accordingly,

25         **IT IS ORDERED** that Pretrial Services have Logg screened as a possible

26  candidate for placement at Native American Connections and report back to this Court in

27  writing whether Logg was found acceptable for placement in that facility.

28

- 3 -

1    **IT IS FURTHER ORDERED** that USPO Josephine Begay provide the

2    undersigned with a written report of her recommendations for release or detention and the

3    basis for them by November 30, 2005.

4    **IT IS FURTHER ORDERED** that upon receipt of the aforesaid written

5    information, the undersigned will set another detention hearing for a ruling on the

6    government's motion to detain Logg.

7    DATED this 17th day of November, 2005.

8

9

10

11

12

13                                         Lawrence O. Anderson
                                           United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -